Judge Logan
delivered the opinion of the court.
This was a suit for land on adverse titles, in which the appellants asserted the better right under the following en - try:— 7
“ 11 th May, 1780. Richard Calloway enters 1800 “acres upon a treasury warrant, on a north fork of Howard’s creek, joining William Collins’ pre-emption on the “north end, to run up the creek on both sides for quantity.”
On the 24th of December, 1779, William Collinsworth obtained a certificate for a pre-emption of 400 acres, lying on the north fork of Howard’s creek, where the trace to the salt spring crosses the creek, after passing the Indian camp, “by making an actual settlement in April, 1778, “satisfactory proof being made to the court, they are of opi“nion that the said Collinsworth has a right to a pre-emption of 400 acres of land, includiug the said settlement.”
There was no pre-emption in the name of Collins, and it appears that Codinsworth was called, and generally by the name of Collins. His pre-emption, therefore, was properly regarded as the one intended in Callo-way’s entry. The court below sustained the appellant’s entry, but so directed it to be surveyed as produced so ⅛ *419 fcerference with jjjtae land in contest. The improvement, Snd the crossing of the trace, were alike regarded as locative calls; and the course and distance between theirt gave direction to the figure of the survey, with parallel lines to that course, equi-distant therefrom, and as much longer than Wide as those places were distant from each other.. about equally bisects the uppey boundary of the the creek, which bears nearly a north-west course.
fjardin for appellant, Pope for appellee
Ap* entg «alt ‘ spring 'race crosses ⅜ ⅛,,⅛⅜ tha settlement,!* ¡er’J ifteenv by*tt# place
This.court is of opinion, that the place where the trace crossed the creek, ought to be taken as the centre of'fhe survey, as the settlement would thereby be included. Tte lóeatiop given by the claimant was at the place where ?Ae 't&ce grossed the (reek, which the court of commissioners granted to include the settlement. The manner of inclusion, however, the proprietor was at liberty to direct; And, as was decided in the.case of Smith vs. Reed, we think that manner is sufficiently shewn by the description of the claimant to lie at the crossing of the creek. Assuming this as the correct construction of the location, and as the trace crossed some distance above the improvement, the clüeirn, when laid down agreeably thereto, 'will extend so far up the creek, that by adjoining it atiove and running up the creek on both sides, will place the adjoining^claipi entirely above the land in contest. ..
The decreefnust be affirmed with lost.